# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACK BROWN, | : | CIVIL ACTION NO. 1:10-CV-2670 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| EARL REITZ, WARDEN, CUMBERLAND COUNTY PRISON, HEALTH SERVICES ADMINISTRATORS and PRIME CARE MEDICAL INC., | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 8th day of March, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt (Doc. 9) to which no objections were filed, recommending that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915,[1] and following an independent review of the record, the court finding Judge Blewitt's analysis to be thorough and well-reasoned

---

[1] Section 1915(e)(2)(B)(ii) provides for dismissal of a prisoner's *in forma pauperis* complaint that fails to state a claim upon which relief may be granted.

and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), and that plaintiff is unable to cure the deficiencies of the complaint through amendment thereby rendering any grant of leave to amend futile, it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 9) are ADOPTED.

2. The applications to proceed *in forma pauperis* (Docs. 2, 6) are GRANTED for the sole purpose of the filing of the action.

3. The complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. The Clerk of Court is directed to CLOSE the case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge